QUESTION: May a church lend its meeting hall to groups for their meetings and charge a fee to cover operating expenses such as air-conditioning, lights, and maintenance without losing its exemption from ad valorem taxation?
SUMMARY: If a church permits groups to use its meeting hall and charges said groups a fee to cover the cost of providing such services as air-conditioning, lights, and janitorial service, the charging of such a fee would not, ipso facto, cause the church property to lose its exemption from ad valorem taxation. However, regardless of whether such a fee for services is charged, if the church permits its property to be used by groups which do not themselves use the property for exempt purposes, then such would be a nonexempt use of the property by the church. The church property, in the first instance, may be granted an exemption from ad valorem taxation only to the extent of the ratio that the predominant use of the property for exempt purposes bears to the nonexempt use. If the fee which is charged is for the use of the property itself so as to constitute rental of the premises, then any exemption to which the church's property might otherwise have been entitled would be lost pursuant to s. 196.193(1)(b), F.S., unless the property is rented or hired out for religious or educational purposes. As qualified by the discussion below, your question may, in my opinion be answered in the affirmative. In answering your question, I am assuming that the church referred to in your question is otherwise entitled to total or partial exemption from ad valorem taxation for exclusive or predominant use of its property for "exempt uses" as defined by s. 196.012(1), F.S. (1972 Supp.), and that the "fee" charged is only a reasonable pro rata share of the operational expenses of the facility, such as airconditioning, lights, and janitorial service (but not general maintenance or upkeep of the facility), and is not a fee for the use of the property itself so as to constitute rent. Under such circumstances, it is my opinion that the church would be providing services to such groups, see AGO 073-429, for a charge equal to or less than the cost of providing such services. Section 196.196, F.S., provides in pertinent part: (1) In the determination of whether an applicant is actually using all or a portion of its property predominantly for a charitable, religious, scientific, or literary purpose, the following criteria shall be applied: * * * * * (b) The extent to which the property has been made available to groups who perform exempt purposes, at a charge that is equal to or less than the cost of providing the facilities for their use, or the extent to which services are provided to persons at a charge that is equal to or less than the cost of providing such services. Such rental or service shall be considered as part of the exempt purposes of the applicant. (Emphasis supplied.) It should be noted, however, that while charging a group using the church's facilities for the cost of providing the aforementioned services does not ipso facto have the effect of removing the exemption from the church property, the church property is, in the first instance, entitled to an exemption only to the extent to which the property is used by the church for exempt purposes as defined in s. 196.012(1), F.S. (1972 Supp.); s. 196.192(2), F.S.; AGO 072-276. If the groups which are permitted to use the church's property themselves use the property for exempt purposes, such would appear to be an exempt use of the property by the church. Cf. AGO 071-247. On the other hand, if the groups permitted to use the church's property do not use the property for exempt purposes themselves, then the church's permitting them to so use the property would not be an "exempt use" of the property by the church. Any exemption granted to the church property can be permitted only to the extent of the ratio that the predominant use for exempt purposes (which must, in any event, exceed 50 percent, s. 196.012(3), F.S. [1972 Supp.]) bears to the nonexempt use, s. 196.192(2), F.S. In addition, it should be noted that if the arrangement whereby a group is permitted to use the church's property is such that payment of a fee is required for the use of the property itself, and the services provided are merely appurtenant to the use of the premises, then it would appear that the church is renting or hiring out its property. See 20 Fla. Jur. Landlord and Tenant s. 68 and AGO 073- 429. If such is the case, the proscription of s.196.193, F.S., would apply: (1)(a) All property exempted from the annual application requirement of s. 196.011 shall be returned, but shall be granted tax exemption by the tax assessor. However, no such property shall be exempt which is rented or hired out for other than religious, educational, or other exempt purposes at any time. (b) The tax assessor may deny exemption to property claimed by religious organizations to be used for any of the purposes set out in s. 196.011 if the use is not clear or if the tax assessor determines that the property is being held for speculative purposes or that it is being rented or hired out for other than religious or educational purposes. (Emphasis supplied.) Section196.193(1)(b), supra, applies specifically to property claimed to be exempt from taxation by religious organizations and is more restrictive than the provisions of paragraph (1)(a), supra. Therefore, if the church rents or hires out its property "for other than religious or educational purposes," any exemption to which the church's property might otherwise have been entitled would be lost.